Kelly, J.
(dissenting). I respectfully dissent and would hold that MCL 333.7409 bars the state prosecution in this case because the same criminal act “gave rise” to both the federal and the state charges. Therefore, I would affirm the decision of the Court of Appeals.
I do not dispute the majority’s contention that the only necessary element of the federal conspiracy charge is an agreement to possess cocaine. However, the elements of the crime are not at issue here; the majority stresses that the question is whether “defendant’s act that gave rise to the federal drug-conspiracy conviction was the ‘same act’ that gave rise to the state pwid charge.”[1] Ante at 83. It is my conclusion that the act that gave rise to the PWID charge was part of the basis for the federal conspiracy conviction.
By the majority’s own terminology, the question is not whether the act is necessary for the federal con *87 viction, but whether it “gave rise” to the federal conviction. “In making this determination, the circuit court must examine the underlying facts and circumstances of each individual case.” Ante at 84 n 4. In the words of the majority:
Applying this rule to this case, we conclude that the state charge did not violate the “same act” prohibition of § 7409. The “thing done” or “deed” that gave rise to the federal conspiracy conviction was the entering into an agreement to possess cocaine, whereas the “thing done” or “deed” that gave rise to the state pwid charge was defendant’s actual physical possession or control of the cocaine. Thus, because the act giving rise to each charge was different, such acts were not, for purposes of § 7409, the “same act.” [Ante at 84.]
The “underlying facts and circumstances” here do not support the majority’s conclusion. As the majority noted, the federal indictment charged a conspiracy “commencing in January 1993 and continuing through August 10, 2000.” Ante at 82. The incident that formed the basis of the instant charges occurred within that period, on July 6, 2000. In addition, Assistant United States Attorney Ross Parker submitted an affidavit stating that “it was the government’s intention to proffer evidence of [this incident] in federal court as part of its case in chief had [defendant] gone to trial.”
Therefore, there is ample evidence that the July 6 incident was an integral part of the federal conspiracy case. As the Court of Appeals noted, there is a “general practice of federal prosecutors to prove conspiracies with evidence of overt acts of the underlying substantive crime, even in the absence of an overt act requirement. See [People v Mass, 464 Mich 615, 650; 628 NW2d 540 (2001)] (Markman, J., concurring).” *88 Unpublished opinion per curiam, issued July 30, 2002 (Docket No. 234130) at 4.
One might question whether the Court of Appeals was correct in concluding that the “state substantive crime [was thus] a functional element of the federal conspiracy crime . ...” Id. However, it is beyond dispute that it was correct in stating that overt acts form a partial basis for the convictions obtained in most federal conspiracy cases. They are used to prove the existence of the conspiracy agreement. If a federal case required proof of a certain act to obtain a conviction, that act “gave rise” to the federal conviction.
This is not to say that a federal conspiracy prosecution is an absolute bar to state charges for offenses that bear some relation to the conspiracy. For instance, if the incident at issue here had occurred outside the time frame stated in the federal indictment, there would be no bar. Moreover, if the act were not to be used as evidence in the federal case, there would be no bar.
Here, the Court of Appeals correctly concluded on the basis of the evidence submitted that the same act gave rise to part of both the federal and the state charges:
[D]efendant explained that the July 6, 2000, incident occurred within the same time frame as the events forming the basis of the federal conspiracy charge, both charges were based on the acts of defendant in purchasing controlled substances in Texas and selling the controlled substances to drug dealers in the Detroit metropolitan area, and the federal government had planned on using the July 6, 2000, incident as part of its case-in-chief against defendant. Defendant submitted with his motion and his brief on appeal an affidavit by the Assistant United States Attorney prosecuting the federal charges, who stated that the govern *89 ment intended to offer, as part of its case-in-chief, evidence of the June-July 2000 criminal acts as overt acts in furtherance of the conspiracy. [Slip op at 3.]
Given the appropriate test, the Court of Appeals engaged in the correct analysis. Specifically, the “underlying facts and circumstances” tend to show that the July 6 incident formed part of the basis for the federal conspiracy conviction. The prosecutor makes no argument in support of a different conclusion, instead focusing on the general elements of each crime, an argument inapposite to the test articulated by the majority.
In this case, the federal prosecutor chose to make the incident at issue part of the factual basis for defendant’s conspiracy conviction. The prosecutor might have avoided including it, seeking a conviction based on a simple conspiracy agreement, without any evidence of defendant’s acts. But, given the undisputed fact that the July 6 incident was part of the purported conspiracy proofs, I conclude that the incident “gave rise” to the conspiracy conviction. Therefore, I would affirm the decision of the Court of Appeals.

 I would note that the prosecution did not propose this analysis. In fact, the prosecutor relied on the distinction between the elements of the crimes and made no argument at all that involved these particular facts.